MEMORANDUM **
Petitioner Nodar Skhvitaridze (“Skhvitaridze”), a native and citizen of Georgia, appeals the Board of Immigration Appeals’ (“BIA”) affirmance of the Immigration Judge’s (“IJ”) order denying asylum and withholding of removal. Skhvitaridze sought asylum and withholding of removal on the basis of his fear of persecution.
We have jurisdiction under 8 U.S.C. § 1252. We conclude that the IJ erred in requiring corroborating evidence and that the error was not harmless. Therefore, we grant the petition and remand.
The law in this circuit is well settled that “an alien’s testimony, if unrefuted and credible, direct and specific, is sufficient to establish the facts testified without the need for any corroboration.” Ladha v. INS, 215 F.3d 889, 901 (9th Cir.2000), overruled on other grounds by Abebe v. Mukasey, 554 F.3d 1203, 1208 (9th Cir.2009) (en banc); see also Cordon-Garcia v. INS, 204 F.3d 985, 992 (9th Cir.2000) (stating that “this court does not require corroborative evidence”). “When an alien credibly testifies to certain facts, those facts are deemed true, and the question remaining to be answered becomes whether these facts, and their reasonable inferences, satisfy the elements of the claim for relief. No further corroboration is required.” Ladha, 215 F.3d at 900.
Having found petitioner credible, the IJ erred in requiring corroborating evidence. The corroborating evidence related to some of Skhvitaridze’s most compelling testimony, and the IJ’s error was not harmless as the government argues. In finding that Skhvitaridze’s fear of persecution was not objectively reasonable, the IJ pointed to the changed country conditions in Georgia. In considering the significance of the changed conditions, the IJ failed to give full consideration to Skhvitaridze’s testimony. We therefore grant the petition and remand to the agency to determine whether, giving full weight to Skhvitaridze’s credible testimony, Skhvitaridze has an objective fear of persecution.
PETITION FOR REVIEW GRANTED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.